## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ANGELA SMITH,**

    **Plaintiff,**                              **Civil Action 2:19-cv-4333**
                                                             **Magistrate Judge Kimberly A. Jolson**

    **v.**

**DOLGEN MIDWEST, LLC,** *et al.*

    **Defendants.**

## OPINION AND ORDER

This matter, in which the parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c), (Docs. 6, 8), is before the Court on Defendant Dolgen Midwest, LLC's ("Dollar General") Motion for Summary Judgment (Doc. 23). For the reasons that follow, the Court **GRANTS** the Motion.

### I.     BACKGROUND

This matter is related to injuries Plaintiff sustained at a Dollar General store located at 1391 East Main Street, Columbus, Ohio (the "Store"). (Doc. 2, ¶ 1). Plaintiff is a resident of Columbus, Ohio. (Doc. 22–1, 5:20–6:1). Dollar General is a foreign corporation organized and existing under the laws of Tennessee. (Doc. 1).

According to the Complaint, Plaintiff was a Store customer on or around September 5, 2017. (Doc. 2, ¶ 1). Plaintiff went into the Store to purchase cigarettes. (Doc. 22–1, 7:2–3; Doc. 2, ¶ 1). While she stood at the cash register, the Store cashier repeatedly asked another store employee who was standing ten or fewer feet away for the keys to the Store's cigarette case. (Doc. 22–1, 7:2–8:2). After three requests, the other Store employee threw the keys. (*Id.*). The keys hit Plaintiff on her nose, and the bridge of her nose began bleeding. (*Id.*, 8:17–9:21). Plaintiff says

that the employee who threw the keys walked over to Plaintiff and looked at her but simply went back to what he had been doing. (*Id.*, 14:20–25). The cashier, however, grabbed a paper towel for Plaintiff, and two other customers rushed to help her. (*Id.*, 8:25–9:4). When asked about the motives of the employee who threw the keys, Plaintiff testified that she does not believe that the employee intentionally threw the keys at her. (*Id.*, 8:14–16). In fact, Plaintiff does not know anything about that employee, including whether he was generally violent. (*Id.*, 32:17–20). Nor does she know of any other incidents of a Dollar General employee throwing keys. (*Id.*, 32:21–23).

Plaintiff went home after this incident. (*Id.*, 32:17–20). There, she experienced pain that she rated as a ten on a ten-point scale, and she struggled to breathe. (*Id.*, 9:22–25; *id.* 11:18–12:7). When her pain failed to ease up—and her face began turning purple, and black, and yellow—she went to the emergency room. (*Id.*, 12:12–15). Plaintiff testified that she believed she went to the emergency room the day after the incident but also testified that she truthfully told the emergency room doctors that she had been injured a couple days prior to her visit, which took place on October 9, 2017. (*Id.*, 10:4–11:13). Ultimately, Plaintiff was diagnosed with a saddle nose deformity, a nasal valve blockage, and a nasal septum fracture. (*Id.*, 15:24–16:7). She underwent surgery that involved taking tissue from behind her ear to replace the bridge of her nose. (*Id.*, 16:22–17:2).

At some point "later on," Plaintiff returned to the Store, spoke to a manager, and completed an incident report. (*Id.*, 13:12–24). Plaintiff cannot remember the name of the manager with whom she spoke. (*Id.*, 13:25–14:1).

On September 3, 2019, Plaintiff initiated this action in state court against Defendant and the employee who threw the keys, naming the latter as a "John Doe" defendant. (Doc. 2).[1] On September 30, 2019, Defendant answered Plaintiff's Complaint and raised affirmative defenses, including a statute of limitations defense. (Doc. 3). Defendant removed the matter to this Court that same day and now moves for summary judgment. (Docs. 1, 23, 25).

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial "responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record that demonstrate "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (defining "genuine" as more than "some metaphysical doubt as to the material facts").

---

[1] The Court notes that diversity jurisdiction exists because Plaintiff is citizen of Ohio (Doc. 22–1, 5:20–21), and Dollar General is a citizen of Tennessee, with its principal place of business and place of incorporation in that state (Doc. 1). Although it is possible, and even likely, that the John Doe defendant is or was a citizen of Ohio, given that he works or worked at a Columbus-area Dollar General store, he remains unidentified. It is well settled that the citizenship of John or Jane Doe defendants is disregarded for the purposes of determining diversity. *See, e.g., Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948 (6th Cir. 1994) (holding that a personnel manager identified as "Jane Doe" was not a defendant whose citizenship would destroy diversity in a handicap discrimination suit).

Consequently, the central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## III. DISCUSSION

Plaintiff asserts that Dollar General is liable to her pursuant to respondeat superior principles. (Doc. 24 at 3). Dollar General contends that Plaintiff's assault and battery claim is time-barred and that Plaintiff's other negligence claims fail because there is no genuine issue of material fact regarding those causes of action. The Court addresses these issues in turn.

### A. Vicarious Liability— Assault and Battery

In brief, Plaintiff claims that Dollar General is liable for assault and battery because its employee injured Plaintiff by throwing store keys at her, breaking her nose. (Doc. 2, ¶ 2(d)).

"Generally, an employer or principal is vicariously liable for the torts of its employees or agents under the doctrine of respondeat superior." *Clark v. Southview Hosp. & Family Health Ctr.*, 628 N.E.2d 46, 48 (Ohio 1994). The Ohio Supreme Court has explained: "It is well-established that in order for an employer to be liable under the doctrine of respondeat superior, the tort of the employee must be committed within the scope of employment." *Byrd v. Faber*, 565 N.E.2d 584, 587 (Ohio 1991). Moreover, "where the tort is intentional, . . . the behavior giving rise to the tort must be calculated to facilitate or promote the business for which the servant was employed." *Id*. (citation and quotations omitted).

Dollar General argues that Ohio's statute of limitations bars Plaintiff's assault and battery claim. Under O.R.C. § 2305.111, the time limit to bring a claim for assault and battery is one year. *See Zhelezny v. Olesh*, No. 12AP-681, 2013 WL 5450882, at * 3 (Ohio Ct. App. Sept. 30, 2013) (citing *Stafford v. Columbus Bonding Ctr.*, 177 Ohio App. 3d 799, 810 (Oh. Ct. App. 2008)). And

4

the clock begins to run when the cause of action accrues. *Jones v. City of Cleveland*, No. 1:15–CV–1190, 2016 WL 1626855, at *3–4 (N.D. Ohio Apr. 25, 2016).

Here, Plaintiff's assault and battery claim accrued when the Dollar General employee threw the keys, injuring Plaintiff. Although Plaintiff pleaded in her Complaint that she was injured on or around September 5, 2017, (Doc. 2, ¶ 1), she also testified at her deposition that she believed she visited the emergency room on October 9, 2017—one day after she was injured (Doc. 22–1, 10:4–11:13). Construing all facts in Plaintiff's favor, the limitations period began running on October 8, 2017, and it expired one year later on October 8, 2018. Yet, Plaintiff did not file her lawsuit until September 3, 2019, almost a year after the deadline had expired.

Plaintiff does not address Dollar General's timeline in her Response. That failure has consequences. *See Rugerio v. Nationstar Mortg., LLC*, 580 F. App'x 376, 378 (6th Cir. 2014) (affirming grant of summary judgment; non-moving party's silence in response to a well-supported summary judgment motion was sufficient justification to grant summary judgment); *Woods v. U.S. Bank Nat'l Ass'n*, No. 517CV2234, 2019 WL 1255229, at *3, (N.D. Ohio Mar. 19, 2019) (granting summary judgment on certain claims where nonmoving party failed to respond to moving party's summary judgment arguments); *Page v. Unimerica Ins. Co.*, No. 3:12–CV–103, 2015 WL 4549473, at *5 (S.D. Ohio July 27, 2015) (granting summary judgment to defendants on plaintiff's promissory estoppel claim because plaintiff failed to address or in any way respond to defendants' challenges to those claims); *Ohio Star Transp., LLC v. Roadway Express, Inc.*, No. 2:09-cv-261, 2010 WL 3666982, at *3, (S.D. Ohio Sept. 14, 2010) ("[The defendant] raises this argument, but [the plaintiff] does not respond, thereby waiving its ability to challenge the argument and effectively conceding the point.").

What is more, the record is undisputed that Plaintiff missed her deadline. Under even the most charitable accrual date, Plaintiff brought her claim nearly a year too late, and Dollar General is entitled to summary judgment as a result.

**B.     Direct Liability— Negligence Claims**

Next, Plaintiff asserts negligent retention and premises liability claims against Dollar General. Again, the Court looks to Ohio law.

*1.     Negligent Retention*

In Ohio, negligent hiring and retention claims require proof of five elements: "(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee was the proximate cause of the plaintiff's injuries." *Kanu v. Siemens PLM*, No. 1:18–CV–38, 2018 WL 776274, at *4 (S.D. Ohio Feb. 8, 2018) (quoting *Souders v. Mount St. Joseph Univ.*, No. 1:15–CV–429, 2016 WL 8671966, at *16 (S.D. Ohio 2016)).

Under this rubric, it is also well established that:

> [t]he legal viability of [plaintiff's] claims of negligent [supervision] and retention [are] dependent upon a showing that [the employee's] conduct was foreseeable . . . [T]he conduct was foreseeable to the [employer] only if it knew (or should have known) of [the employee's] propensity to engage in similar criminal, tort[i]ous, or dangerous conduct.

*Torre v. Corr. Corp. of Am.*, No. 4:16CV2004, 2016 WL 6893279, at *5 (N.D. Ohio Nov. 23, 2016) (quoting *Browning v. Ohio State Hwy. Patrol*, 786 N.E.2d 94, 103 (Ohio Ct. App. 2003)); *see also Cole v. Am. Cmty. Servs., Inc.*, No. 2:04–CV–738, 2006 WL 2987815, at *5 (S.D. Ohio Oct. 17, 2006), *aff'd*, 243 F. App'x 158 (6th Cir. 2007) ("A plaintiff's failure to show an employer

6

had notice, actual or constructive, of its employee's tortious or criminal behavior or incompetence, is [ ]fatal to a negligent supervision [and retention] claim.").

Dollar General emphasizes that Plaintiff testified at her deposition that she does not know if the Dollar General employee who threw the keys at her was violent. (Doc. 22–1, 32:17–20). Consequently, Dollar General argues, Plaintiff does not know if Dollar General had actual or constructive knowledge that its employee was violent or had a propensity to engage in such conduct. Without that evidence, Plaintiff cannot establish the third element of this claim.

Plaintiff has again failed to address Dollar General's argument in her Response. And, again, her silence has consequences. *See Rugerio,* 580 F. App'x at 378; *Woods*, 2019 WL 1255229, at *3; *Page,* 2015 WL 4549473, at *5; *Ohio Star Transp.,* 2010 WL 3666982, at *3. Because Plaintiff has failed to cite any evidence of Dollar General's actual or constructive knowledge about its employee's propensity for throwing things or engaging in other similarly dangerous behavior at work, Dollar General is entitled to summary judgment. *See Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) ("The failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion."). Further, the Court has conducted an independent review of the record and found no such evidence. As such, Plaintiff cannot satisfy the third element of a claim for negligent retention, and Dollar General is entitled to summary judgment on Plaintiff's negligent retention claim.

> 2. *Premises Liability*

Plaintiff's premises liability claim fares no better. Under Ohio law, "a business owner has a duty to warn or protect its business invitees from criminal acts of third parties when the business owner knows or should know that there is a substantial risk of harm to its invitees on the premises in the possession and control of the business owner." *Simpson v. Big Bear Stores Co*., 652 N.E.2d

7

702, 705 (Ohio 1995). "'The basis of liability in such case is the owner's superior knowledge of existing dangers or perils to persons going upon the property. It is only when there are perils or dangers known to the owner and not known to the person injured that liability may be established and recovery permitted.'" *Hemp v. Wal-Mart Stores E., LP*, No. 3:16–CV–235, 2018 WL 4539444, at *3 (S.D. Ohio Sept. 21, 2018) (quoting *Englehardt v. Philipps*, 23 N.E.2d 829, 831 (Ohio 1939)). "'The test for foreseeability is one of likelihood, not mere possibility.'" *Hemp*, 2018 WL 4539444, at *3 (quoting *Shadler v. Double D. Ventures, Inc.*, No. L–03–1278, 2004 WL 2026412, at *5 (Ohio Ct. App. 2003)).

"'A premises owner is not . . . an insurer of an invitee's safety.'" *Hemp*, 2018 WL 4539444, at *3 (quoting *Wheatley v. Marietta College*, 48 N.E.3d 587, 607 (Ohio Ct. App. 2016)). As a result, a business or property owner "'has a duty to protect others from injury due to criminal activity only if substantial evidence exists to demonstrate that the owner could foresee that the criminal activity would occur and that people would be injured by the criminal activity.'" *Hemp*, 2018 WL 4539444, at * 3 (quoting *Walters v. Oberling Ford, Inc.*, No. 97 CA 2513, 1997 WL 603395, at * 3 (Ohio Ct. App. Sept. 29, 1997)).

Plaintiff testified at her deposition that she does not know of any other incidents of a Dollar General employee throwing keys. (Doc. 22–1, 32:21–23). And, according to Dollar General, Plaintiff has provided no evidence that it had any reason to foresee that such activity would occur and that customers would be injured. Once again, Plaintiff has failed to address Dollar General's argument in her Response, which entitles Dollar General to summary judgment. *See Rugerio,* 580 F. App'x at 378; *Woods*, 2019 WL 1255229, at *3; *Page,* 2015 WL 4549473, at *5; *Ohio Star Transp.,* 2010 WL 3666982, at *3.

8

Moreover, Plaintiff has failed to cite anything in the record that demonstrates that Dollar General could have foreseen that its employee would throw things at work and that customers might be injured as a result. Once more, that alone constitutes grounds for granting Dollar General summary judgment on this claim. *See Everson*, 556 F.3d at 496. Plus, there is more to consider. Upon an independent review of the record, the Court finds no such evidence. So Dollar General is entitled to summary judgment on Plaintiff's premises liability claim as well.

## VI.     CONCLUSION

For the foregoing reasons, Dollar General's Motion for Summary Judgment (Doc 23) is **GRANTED**.

IT IS SO ORDERED.

Date:  October 13, 2020                                        /s/ Kimberly A. Jolson
                                                                           KIMBERLY A. JOLSON
                                                                           UNITED STATES MAGISTRATE JUDGE